**Daniel COLON, Jr., Plaintiff, Appellant,**

v.

**APEX MARINE CORPORATION c/o Westchester Shipping Company, Inc., and Westchester Marine, Inc. and Westchester Marine Shipping Company, Inc. and Vertigo, Inc., d/b/a Tillies King Shipping Company, Defendants, Appellees.**

No. 94–1522.

United States Court of Appeals, First Circuit.

Heard Sept. 9, 1994.

Decided Sept. 15, 1994.

Carroll E. Ayers, Wakefield, MA, for appellant.

Gordon Arnott with whom Gregory O'Neill, Hill, Betts & Nash, New York City, Charles N. Redihan, Jr., Thomas C. Plunkett and Kiernan, Plunkett & Redihan, Providence, RI, were on brief for appellees Apex Marine Corp. and Westchester Marine Shipping Co., Inc.

Before BOUDIN, Circuit Judge, ALDRICH, Senior Circuit Judge, and YOUNG,* District Judge.

PER CURIAM.

■ This case presents an interesting issue concerning the reach of the "scope of employment" requirement under the Jones Act, 46 U.S.C. § 688, as applied to a unique set of facts. In explaining its decision to grant the defense motion for summary judgment, *Colon v. Apex Marine Corp.*, 832 F.Supp. 508 (D.R.I.1993), the district court issued a decision thoroughly analyzing the precedents and the pertinent facts. Although the legal question presented is open to reasonable debate, we agree with the district court's resolution and do not think that we can improve upon the reasoning set forth in its decision. Accordingly, on the central issue we affirm on the grounds set forth in the decision of the district court.

■ The only remaining issue is the claim that the district court abused its discretion in refusing to allow an amendment to the complaint to assert a new cause of action based on unseaworthiness. This case relates to an incident that occurred in December 1987; the defense motion for summary judgment was filed in November 1992; and the motion to amend the complaint was filed only *after* the district court in September 1993 granted the motion for summary judgment. The motion gave no adequate reason to excuse this substantial delay in moving to amend. Under the circumstances, we do not think that the district court abused its discretion in denying the motion as untimely.

*Affirmed.*

* Of the District of Massachusetts, sitting by designation.